■ In the Matter of the Arbitration between EXCELSIOR 57TH CORP., Respondent, and RALPH W. KERN et al., Appellants. [741 NYS2d 203] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 29, 2001, which granted respondents' motion to renew, and upon renewal, adhered to a prior order, entered September 20, 2001, which denied their request for an order confirming the designation of Mark Sugarman as their party-appointed arbitrator, unanimously reversed, to the extent appealed from as limited by the briefs, on the law, without costs, and Sugarman's appointment as a party-designated arbitrator confirmed. Appeal from order, same court and Justice, entered September 20, 2001, unanimously dismissed, without costs.

The parties' ground lease provides that if the parties cannot agree on the valuation of the property for purposes of establishing the rent to be paid upon renewal, its value shall be determined by arbitration. The clause providing for the selection of arbitrators states that: "The Lessor and Lessee shall each appoint a fit and impartial person as arbiter who shall have had at least ten years' experience in the County of New York in a calling connected with the subject matter of the dispute. Such appointment shall be signified in writing by each party to the other, and the arbiters so appointed, in the event

of their failure to agree within thirty (30) days upon the matter so submitted, shall appoint an umpire * * * [Such umpire] shall be a person having at least ten years' recent experience as to the subject matter in question."

Nothing in the lease requires that the appointed arbitrators actually be appraisers. All that is required of the proposed arbitrators is that they have experience in a calling "connected with" the subject matter of the dispute, while, in contrast, the "umpire" is required to have direct experience with the subject matter, namely, the valuation of property.

Respondents' chosen arbitrator, Mark Sugarman, an attorney whose practice of over 15 years included representation of both net lessees and fee owners in disputes where land value was at issue, must be deemed to have sufficient experience in a calling "connected with" land valuations. Therefore, since the parties are free to agree on the manner in which arbitrators are appointed, we should not countermand the appointment (see, Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.], 11 NY2d 128, 133.) Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.